

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00267-CV

## IN THE INTEREST OF JACK WAYNE TURNER, ADULT DISABLED CHILD

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. 93-00-03222-CV

## MEMORANDUM OPINION

Appellant Marceia Bonin-Turner ("Bonin"),[1] the mother of Jack Wayne Turner ("Jack"), appeals the trial court's dismissal of her petition to modify parent-child relationship and imposition of sanctions. We will affirm.

### Background

Bonin and Bruce Wayne Turner ("Turner") were divorced in 1994. The divorce was filed in the 13th Judicial District Court of Navarro County, Texas. Bonin and Turner had two minor children—Jack and an older sibling. The divorce decree awarded managing conservatorship of both children to Bonin. Jack was born on May 25, 1988 with Down syndrome, but the divorce decree did not specifically identify Jack as disabled.

---

[1] Rule 9.8 of the Rules of Appellate Procedure requires the use of initials or pseudonyms in cases involving minors. TEX. R. APP. P. 9.8. Jack Wayne Turner is no longer a minor.

Turner moved to Dallas County, and the case was transferred to the 303rd Judicial District Court of Dallas county and assigned case number 9811088-V. The Dallas County proceeding was eventually dismissed for want of prosecution on January 16, 2001. Both of the children began to live with Turner full time after they moved to Dallas. When Jack was fifteen years old, Turner and the children moved to Nashville and Bonin soon followed. After a short stay in Nashville, Turner and the children moved to Westland, Michigan. Seven years later, when Jack was twenty-three years old, Bonin did not return Jack after a scheduled visitation and took him to live with her in Nashville. Turner filed an application for a conservatorship[2] in the Seventh Circuit Court for Davidson County, Tennessee, Probate Division, Case No. 12P-305. Bonin registered the Navarro County divorce decree in Davidson County and sought to enforce her role as managing conservator of Jack. Ultimately, the Tennessee probate court denied Bonin's request and appointed Turner as Jack's conservator. The conservatorship order additionally provided Bonin with a schedule of unsupervised visitation with Jack.

Less than a month after entry of the order of conservatorship, Turner filed an Emergency Motion for Suspension of Parenting Time, which the Tennessee probate court granted. The court suspended Bonin's unsupervised visitations with Jack and limited

---

[2] Bonin confuses her role as managing conservator in the Texas divorce decree with a conservator appointed in Tennessee. Under Tennessee law, the term conservator is used in place of "guardian" when the ward is an adult. *See* TENN. CODE ANN. § 34-1-101(4) ("Conservator" . . . means a person . . . appointed by the court to exercise the decision-making rights and duties of the person with a disability in one or more areas in which the person lacks capacity as determined and required by the orders of the court. . . .") and (9) ("Guardian" . . . means a person . . . appointed by the court to provide partial or full supervision, protection and assistance of the person or property, or both, *of a minor*. . . ") (emphasis added). Bonin's assertion that the Tennessee conservatorship equates with her role as managing conservator under Texas law is without merit.

her to one four-hour, supervised visit per month in Detroit. Approximately seven months after the Tennessee probate court's Order altering Bonin's visitation, Turner filed a Motion for Immediate and Emergency Relief after Bonin filed a Motion for Restoration of Visitation/Parenting Time. After a hearing, the Tennessee probate court granted Turner's motion, enjoined Bonin from making further scurrilous and false claims against her older child on social media and other public forums, and granted Turner authority to record Bonin's telephone conversations with Jack. The probate court's judgment was affirmed by the Tennessee Court of Appeals. *See In re Conservatorship of Turner*, No. M2013-01665-COA-R3-CV, 2014 Tenn. App. LEXIS 278, 2014 WL 1901115 (Tenn. Ct. App. May 9, 2014).[3] Turner filed a motion for contempt on August 12, 2013, which was heard by the Tennessee probate court on September 4, 2014. The Tennessee probate court found Bonin in contempt after she was recorded trying to convince Jack to make further baseless allegations against his older sibling. The Tennessee probate court orally imposed a ten-day sentence of confinement on Bonin, suspended for 180 days.

In October 2015, Bonin filed a Petition for Developmental Disability Guardianship over Jack in the probate court of Oakland County, Michigan, File No. 2015-366134-DD. Bonin also filed numerous unfounded complaints with adult protective services in both Michigan and Tennessee. Bonin moved back to Navarro County in December 2015. In April 2016, after a hearing, the Tennessee probate court found Bonin in contempt for continuing to repeat the malicious falsehoods regarding her older child on internet sites.

---

[3] The Tennessee appellate court's opinion includes a much more detailed factual rendering.

The Tennessee probate court reduced Bonin's contact with Jack to one thirty-minute telephone call per month and ordered Bonin to pay the attorney's fees Turner had incurred in the courts of Tennessee and Michigan. On July 29, 2016, the Tennessee probate court again found Bonin in contempt of court for giving Turner a false address and enjoined Bonin from having any further contact with Jack.

Bonin initiated the present action in Navarro County on June 9, 2017. The Michigan probate court held a hearing on Bonin's guardianship application on August 16, 2017 and denied her petition. After learning of Bonin's litigation history in Tennessee, the Michigan probate court ordered that any further proceedings regarding Jack should take place in Nashville and awarded Turner his attorney's fees. On August 17, 2017, after a hearing, the Navarro County court sustained Turner's special appearance and found that it had no jurisdiction to consider Bonin's claims. The Navarro Court additionally sanctioned Bonin for attempting to circumvent the Tennessee courts and ordered her to pay Turner's attorney's fees. The Navarro County court entered the following findings of fact on October 15, 2017:

1.  This case was filed in the 13th District Court of Navarro County as a divorce with children.

2.  The 13th District Court granted the divorce on March 17, 1994 with the final decree signed on April 6, 1994.

3.  The 13th District Court signed an Order Transferring Venue to Dallas County on June 9, 1998.

4.  On June 26, 1998, the 303rd District Court in Dallas County placed the case on its docket.

5. A Court in Tennessee, finding that neither of the parties nor their child lived in the State of Texas, entered orders regarding the parties and the child in the State of Tennessee.

6. The Respondent and the child then moved to the State of Michigan whereby the Petitioner attempted to modify the Tennessee orders in a Michigan court.

7. The Michigan court dismissed the Petitioner's case in Michigan and ordered the Petitioner to pursue her case in Tennessee.

8. On June 9, 2017, the Petitioner filed a Petition to Modify Parent-Child Relationship in the 13th District Court knowing that the case remained in the State of Tennessee.

9. As of June 9, 2017, this case has never been transferred back to the 13th District Court.

10. On August 16, 2017, the 13th District Court heard Respondent's Special Appearance Pursuant to TRCP 120a, Motion to Dismiss, Motion to Take Judicial Notice, Motion to Grant Full Faith and Credit and Motion for Sanctions.

11. August 17, 2017, the Court granted Respondent's motions in addition to awarding Respondent's attorney's fees in the amount of $15,509.00.

The trial court made the following conclusions of law:

1. Pursuant to the Texas Family Code § 155.005(b), the 13th District Court lost jurisdiction of this case on June 26, 1998.

2. Pursuant to the Texas Family Code § 155.202, the 303rd District Court lost jurisdiction of this case.

3. Sanctions in the amount of $15,509.00 are appropriately assessed against the Petitioner pursuant to Chapter 10 of the Civil Practice and Remedies Code.

## Issues

In her *pro se* brief, Bonin enumerates thirteen issues that she believes entitle her to relief: (1) jurisdiction; (2) conservatorship; (3) transference of venue; (4) Dallas county motions; (5) residency in Texas; (6) residency in Tennessee; (7) residency in Michigan; (8) registration of Texas divorce decree for recognition; (9) sanction; (10) enforcement of divorce decree; (11) enforcement of motion to modify parent-child relationship; (12) violation of federal and state law, violations of civil liberties and human rights; and (13) violations of parental rights.

## Standard of Review

As noted, Turner filed a plea to the jurisdiction challenging the Navarro County court's jurisdiction to hear Bonin's petition. A plea to the jurisdiction that questions a trial court's jurisdiction raises a question of law that the appellate court reviews *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). If a plea to the jurisdiction includes evidence, then the trial court reviews the relevant evidence to determine if a fact issue exists. *Id*. On appeal, our standard of review "generally mirrors that of a summary judgment," meaning we will take as true all evidence favorable to the non-movant and indulge reasonable inferences and resolve doubts in the non-movant's favor. *Id*. at 228.

The relevant facts in this case are not in dispute; only the application of the pertinent law to those facts.[4]

---

[4] The facts relevant to our review appear in the various opinions and court proceedings in Michigan, Tennessee, and Texas.

*Jurisdiction*

Bonin argues that only the 13th District Court in Navarro County has jurisdiction to consider the issue of Jack's conservatorship. However, the Navarro County court lost jurisdiction once the case was transferred to Dallas County and placed on the docket of the 303rd Judicial District Court. *See* TEX. FAM. CODE ANN. § 155.005(b) ("The jurisdiction of the transferring court terminates on the docketing of the case in the transferee court.").[5] The case was never transferred back to Navarro County, and dismissal of the case after the transfer to Dallas County did not revive the Navarro County court's jurisdiction.

Bonin argues that the Tennessee court did not have jurisdiction over the conservatorship proceeding because Turner did not reside in Tennessee six months prior to filing the application for conservatorship and none of the parties now live in Tennessee. Bonin, however, cannot challenge the jurisdiction of a court of another state when she was a party to the prior proceeding. *See Layton v. Layton*, 538 S.W.2d 642, 647 (Tex. App.—San Antonio 1976, writ ref'd n.r.e.). Even assuming Bonin may collaterally attack the Tennessee court's jurisdiction in this proceeding, the record is clear that the Tennessee probate court had jurisdiction over the conservatorship application. Bonin took Jack to Tennessee in December 2011. Turner filed his conservatorship application while Jack was residing in Davidson County with Bonin. Under Tennessee law, an action for the appointment of a conservator must be brought in the county in which the person with a disability resides. TENN. CODE ANN. § 34-3-101(b). The six-month residency requirement

---

[5] This section was effective prior to the date the case was transferred to Dallas County.

to which Bonin refers relates to divorce proceedings. *See* TENN. CODE ANN. §§ 36-4-104; 36-4-105. The Tennessee probate court had jurisdiction.

Although raised in her reply brief and in the trial court, Bonin did not specifically note in her appellate brief that the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") was applicable to this case. Assuming that the issue may be raised as part of her jurisdictional argument, the Navarro County court did not err in finding that jurisdiction was proper in Tennessee under the UCCJEA. The UCCJEA has been adopted by Texas in Chapter 152 of the Family Code. However, Jack does not fall within the protection of this Chapter because the statute defines a child as "an individual who has not attained 18 years of age." TEX. FAM. CODE ANN. § 152.102(2). Jack was over eighteen years of age when Turner filed the application for conservatorship.

Even if the UCCJEA is applicable, § 152.202 provides that the "exclusive" jurisdiction of a Texas court that initially makes a child custody determination terminates when "a court of this state or *a court of another state* determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state." *Id.* § 152.202(a)(2) (emphasis added). The Tennessee probate court found that Turner resided in Michigan while, at the time the petition for conservatorship was filed, Bonin and Jack resided in Nashville. The Navarro County court did not have jurisdiction to consider Bonin's petition.

Bonin also argues in her reply brief that she should be permitted to reopen the divorce proceeding in Navarro County because Jack is classified as an adult disabled child. Under § 154.302 of the Family Code, a court may impose parental support for an

adult disabled child for an indefinite period if the child's disability exists on or before the child's eighteenth birthday. TEX. FAM. CODE ANN. § 154.302. A parent may file for support for an adult disabled child, regardless of the child's age, as an original suit affecting the parent-child relationship if no court has continuing, exclusive jurisdiction. *Id.*, § 154.305. Because no court has continuing, exclusive jurisdiction of Bonin and Turner's divorce proceeding after the Dallas case was dismissed and the Tennessee court found that none of the parties lived in Texas, the general venue provisions in the Family Code apply. Bonin is required to file any suit affecting Jack as an adult, disabled child in the county where Jack resides, which is not Navarro County. *Id.* § 103.001. Additionally, once a guardian has been appointed for a child by order of a court of another state, the child resides in the county where the guardian resides, which is also not Navarro County. *Id.* § 103.001(c)(6).

The trial court did not err in finding that it had no jurisdiction to consider Bonin's petition, and we overrule all of Bonin's issues that are related to jurisdiction.[6]

### *Sanctions*

In its order granting Turner's motion for sanctions, the Navarro County court specifically noted:

> On this day came on to be heard Respondent's Motion for Sanctions filed by Respondent Bruce Wayne Turner. The Court considered the contents of the Court's file, together with the evidence and argument of counsel. The Court finds that Petitioner filed a Motion to Modify the

---

[6] Bonin's remaining issues relating to violations of federal and state law, violations of civil liberties and human rights, and violations of parental rights are waived due to her failure to offer "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see also Bovee v. Houston Press LLP*, No. 10-15-00346-CV, 2017 WL 1101280, at *3 (Tex. App.— Waco Mar. 15, 2017, no pet.) (improperly briefed issues present nothing for review).

Parent-Child Relationship in this Court. The Court finds that as a result of prior proceedings, this Court's jurisdiction over this case was terminated in 1998 pursuant to Texas Family Code § 155.005(b) when this Court transferred the case to Dallas County and the Dallas County District Clerk docketed it and that the Dallas County District Court lost jurisdiction over this case pursuant to Texas Family Code § 152.202 when the Probate Court of Nashville County, Tennessee found that neither the parties or the parties' child resided in Texas and acquired continuing exclusive jurisdiction.

The Court further finds that petitioner attempted to modify the same order at issue here by filing in a Michigan Court and that the Michigan Court ordered Petitioner to return to the Nashville Probate Court to litigate these matters. She instead came here in an attempt to supersede the Nashville Probate Court orders. The Court further finds that Petitioner was aware of the prior litigation prior to filing the action, but that she either ignored the prior proceedings or disregarded the prior proceedings. The Court further finds that Petitioner brought her Motion to Modify in bad faith.

We review the imposition of sanctions under an abuse-of-discretion standard. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014). An appellate court may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id*. We will not find an abuse of discretion in awarding sanctions if some evidence supports the trial court's decision. *Id*. We will review the entire record in order to determine whether imposition of sanctions constituted an abuse of discretion. *Cherry Petersen Landry Albert LLP v. Cruz*, 443 S.W.3d 441, 449 (Tex. App.—Dallas 2014, pet. denied).

Chapter 10 of the Civil Practice and Remedies Code allows sanctions for pleadings filed with an improper purpose or that lack legal or factual support. *Nath* at 362. Section 10.001 specifies that the signatory of a pleading or motion certifies "to the signatory's best knowledge, information, and belief, formed after reasonable inquiry":

(1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

TEX. CIV. PRAC. & REM. CODE ANN. § 10.001. "A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both." *Id*. § 10.004(a).

The record is more than sufficient to support the Navarro County court's findings that Bonin filed the present petition to modify parent-child relationship in Texas knowing that the proper forum was in Tennessee and that Bonin acted in bad faith. The Navarro County court did not abuse its discretion in imposing sanctions against Bonin. We overrule Bonin's issue regarding the imposition of sanctions.

### *Conclusion*

Having found no support for Bonin's issues, we affirm the judgment of the trial court, including the imposition of $15,509.00 in attorney's fees.

REX D. DAVIS
Justice

Before Chief Justice Gray,*
    Justice Davis, and
    Justice Neill
    *(Chief Justice Gray concurs in the Court's judgment. A separate opinion will not issue.)
Judgment affirmed
Opinion delivered and filed May 22, 2019
[CV06]

